UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SCCI, INC.**, a Delaware Corporation

    Plaintiff,

v.                                                      Case No: 5:20-cv-348-Oc-30PRL

**KENNY RUSSELL**,

    Defendant.

## ORDER

This matter is before the court on Defendant Kenny Russell's motion to quash and for a protective order (Doc. 25) and Plaintiff SCCI, Inc.'s motion to compel (Doc. 31). Neither party responded to the other's motions.

As an initial matter, Plaintiff claims its counsel attempted to resolve the issues via email, and defendant details the emails exchanged by the parties. While the court is well aware that email is a customary way of communicating, courts have interpreted "communicate" to mean "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n.1 (M.D. Fla. Aug. 14, 2000). This is noted because it seems that better communication might eliminate the discovery issues in this case.

Defendant's request to quash the subpoenas issued to his counsel and law firm is due to be granted. As with other discovery, the scope of depositions is limited to any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "[D]epositions of attorneys who represent parties in an action are an invitation to harass the attorney and the party, to cause delay, and to disrupt the case."

*Latell v. Santander Bank*, No. 2:13-CV-565-FTM-29CM, 2016 WL 7206161, at *3 (M.D. Fla. Jan. 27, 2016) (quoting *LaJoie v. Pavcon, Inc.*, 1998 WL 526784, at *1 (M.D. Fla. 1998)). Because Plaintiff seeks the deposition of the defendant's attorney, Plaintiff has the burden of showing: "(1) the need for the deposition and that this is the only practical means of getting the information; (2) the information is relevant and its need outweighs the dangers of deposing a party's attorney; and (3) the information sought during the deposition will not invade the attorney-client privilege or the attorney's work product." *Id.* (citing *West Peninsular Title Company v. Palm Beach County*, 132 F.R.D. 301, 302–03 (S.D. Fla. 1990)). Plaintiff has not met this burden.

  Here, the deposition of the defendant's attorney would cover the following questions:

> 1. What factual basis there may be to claim that Mr. Russell is not in default?
> 2. What factual basis there may be to assert that Mr. Russell has not been served properly?
> 3. What factual basis there may be to assert that the present action has been filed against the wrong party?
> 4. What factual basis there may be to assert that Mr. Russell has retained local counsel?

(Doc. 26-6).

  Plaintiff did not respond to Defendant's motion to quash and for a protective order. Instead, it filed a motion to compel defendant's answers to the interrogatories and requests for production. Because Plaintiff has not provided any reasons why it wants to depose the attorney representing the defendant, the motion to quash is due to be granted. If Plaintiff discovers new information as to why the deposition is the only practical means for obtaining the information it requests and the information is relevant and proportional to the needs of the case, then it should discuss with the defendant these reasons and attempt to schedule a deposition again.

The court is reluctant to grant the request for a protective order at this time. Under Federal Rule of Civil Procedure 26(c)(1), a party can obtain, upon a showing of "good cause," a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order should be entered "only when the movant makes a particularized showing of 'good cause' and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice." *E.E.O.C. v. v. DiMare Ruskin, Inc.*, No. 2:11-cv-158, 2012 WL 12067868, at *3 (M.D. Fla. Feb. 15, 2012). Because Defendant has not shown the requisite good cause to warrant a protective order, the request for one is denied.

Plaintiff's motion to compel is simply a reiteration of Rule 37 of the Federal Rules of Civil Procedure. The court is well aware of these rules. In a motion to compel, the moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401). Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual

claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery on this issue, it is essential to determine what the purpose of the discovery is. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

Plaintiff has not explained why any of the discovery it seeks is relevant or proportional to the issues in this case. Therefore, Plaintiff's motion is denied. Nonetheless, the parties are encouraged to continue to participate in discovery in a civil manner. Plaintiff can seek relevant and proportional information from the defendant, and the defendant should respond to the requests either with the information requested or with objections.

Moreover, the parties are reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the court are justifiably proud of the courteous practice that is traditional in the Middle District." Middle District Discovery (2015) at 3. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates.

Generally, as the comments to the 2015 Amendment acknowledge, "discovery will be effectively managed by the parties." *Id.* As the comments also acknowledge, however, "there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own." *Id.* Considering that both parties failed to respond to the motions filed by opposing counsel, it appears as though the parties are filing motions on issues they could have effectively resolved without judicial assistance.

Accordingly, Defendant's request to quash the subpoenas (Doc. 25) is granted, Defendant's request for a protective order (Doc. 25) is denied, and Plaintiff's motion to compel (Doc. 31) is denied.[1]  If the parties have any other issues regarding discovery, counsel are encouraged to confer either in person or via telephone in an attempt to resolve them.

**DONE** and **ORDERED** in Ocala, Florida on February 17, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The court sees no basis to award fees at this time.